19 F.3d 1432
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carol ECHOLS, Plaintiff-Appellant,
v.
FIRST INDEPENDENCE NATIONAL BANK, Defendant-Appellee.
 No. 93-2268.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1994.
 
 Before: MERRITT, Chief Judge; GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, Carol Echols, appeals a grant of summary judgment in favor of the defendant, First Independence National Bank, in this action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The background facts are set forth in the district court's opinion and will not be repeated herein. Suffice it to say that plaintiff sued the defendant bank alleging that she was discriminatorily fired from a bank teller trainee position because of her gender, race and color. The defendant defended on the grounds that: (1) plaintiff did not learn the teller training material in an adequate amount of time, and she did not possess a thorough knowledge of the training materials; (2) she was tardy for work on four separate occasions during the period of her employment (1 month); (3) she missed a mandatory bank-wide employees' meeting after she was instructed she had to attend it; and (4) she violated the bank's dress code. On motion for summary judgment, the district court concluded that the defendant articulated a legitimate non-discriminatory reason for firing plaintiff and that plaintiff failed to produce any evidence that the reasons proffered by the defendant were a pretext for discrimination. The court also held that plaintiff failed to establish a prima facie case of intentional discrimination.
 
 
 3
 Upon review, we conclude that summary judgment was proper, as plaintiff did not establish the existence of any genuine issue of material fact and the defendant was entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993).
 
 
 4
 Plaintiff failed to establish a prima facie case of discrimination. A plaintiff can establish a prima facie case of discrimination by showing that: (1) she was a member of a protected class; (2) she was discharged; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). Plaintiff failed to show that she was qualified for the bank teller position. Plaintiff admitted in her deposition that she had not learned the necessary sections of the written training materials. Thus, by her own testimony, plaintiff was not finished with the first phase of her training program.
 
 
 5
 Furthermore, the affidavit of plaintiff's immediate supervisor, Angela Sherrill, indicated that Sherrill decided that plaintiff was not adequately learning the training materials and that her progress was too slow. Sherrill also observed that plaintiff had difficulty with many items in the basic training program and that she was easily distracted and had a short attention span. In view of the foregoing, it is clear that plaintiff has not established the third prong of the McDonnell Douglas test, i.e., that she was qualified for her job.
 
 
 6
 Plaintiff also failed to establish the fourth prong of the McDonnell Douglas test, i.e., that she was replaced by someone outside of the protected class. In fact, plaintiff complained that she was "replaced" by another trainee, Andrea Colley, who plaintiff described as a "light-skinned female black." Thus, by plaintiff's own admission, she was not replaced by someone outside of the protected class. Accordingly, the defendant's motion for summary judgment on plaintiff's discrimination claims under McDonnell Douglas was properly granted.
 
 
 7
 Even if it is assumed that plaintiff made out prima facie cases of discrimination under McDonnell Douglas, summary judgment was justified in this case because the defendant offered several legitimate, non-discriminatory reasons for firing plaintiff. Pursuant to the terms of the defendant's employee manual, plaintiff's frequent tardiness alone would have been sufficient grounds for termination. Plaintiff's failure to meet the performance expectations of her supervisors also provided a basis for termination. Finally, plaintiff's failure to comply with the dress code provided a basis for her termination.
 
 
 8
 Plaintiff did not meet the burden of proving that the reasons for her termination were pretextual. See Burdine, 450 U.S. at 254-56. Plaintiff's purported rebuttal began and ended with the conclusion that the defendant discriminated. She failed to produce or point to specific evidence to counter the sworn statements of the defendant's personnel. Thus, there was no genuine issue of material fact to prevent the summary judgment.
 
 
 9
 Finally, given that plaintiff had six months in which to conduct discovery, the district court did not abuse its discretion when the court denied plaintiff's request for additional discovery.
 
 
 10
 For the foregoing reasons, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.